# ADAMS *v.* LOUISIANA BOARD OF LIQUIDATION.

ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

No. 187. Argued and submitted March 4, 1892. — Decided April 18, 1892.

The judgment of a state court in a suit to compel the funding of state bonds, that a former adverse judgment upon bonds of the same series could be pleaded as an estoppel, presents no Federal question.

THE case is stated in the opinion.

*Mr. B. J. Sage* and *Mr. Charles W. Hornor* for plaintiff in error.

*Mr. Walter H. Rogers,* Attorney General of the State of Louisiana, submitted on his brief.

MR. JUSTICE FIELD delivered the opinion of the court.

This, like No. 21, was a suit against the board of liquidation of the State of Louisiana to compel it to fund four bonds of the State, held by the plaintiffs, and to exchange them for its consolidated bonds, as provided in the act of the legislature known as No. 3, of 1874, at the rate of sixty per cent of their valuation.

The board of liquidation appeared to the suit and interposed the plea of *res adjudicata,* based upon the judgment in the suit No. 21, brought by B. J. Sage against the board, that is, that the question involved in this case — the fundability of the bonds — was conclusively determined in the negative in that case, and that the plaintiffs here are thereby estopped from its assertion; and also set up as a defence that the bonds were not fundable because they were not issued in conformity to the statute of the State, which required that they should be sold at par for confederate or state treasury notes, whereas here they were exchanged for sugar. The District Court of the parish of East Baton Rouge, in which this suit was commenced, sustained both defences and gave judgment for the defendant. That judgment, on appeal, was affirmed by the Supreme Court of the State, the latter court placing its decision chiefly upon the ground that the fundability of the bonds of the series was by the law No. 11, of 1875, to be determined in a single suit by the holder of such securities, and those in this suit were held by Sage when he commenced his suit. To review this latter judgment the case is brought to this court.

The four bonds in this suit are a part of the same series of one hundred and eighty-four bonds issued at the same time as the five bonds which were considered in the suit of *B. J. Sage* v. *Board of Liquidation of Louisiana, ante,* 647, that suit being brought by him to obtain a like funding of those bonds, and their exchange. The validity of the bonds was there the subject of consideration, and it was adjudged that they were not valid obligations of the State. Bonds exchanged for merchandise were considered not to have been issued in strict conformity to law, as required by the terms of the supplementary funding act of Louisiana, known as No. 11, of 1875, and therefore were not fundable.

The bonds in this case were transferred by Sage to the plaintiffs while his own suit was pending, but were left in his own hands for collection. The court was of opinion that the judgment as to certain of the bonds of one series determined the character of the other bonds of the same series, and, without deciding in terms the plea of *res adjudicata* interposed by

the State, based upon the judgment in the Sage case, held that the fundability of the bonds in this suit was settled by the decision in that case, which is practically applying that doctrine. The transcript of the judgment presented to us, which contains the proceedings of the court below, does not present any Federal question which authorizes us to review the decision of the state court. Whether or not the adjudication upon the first bonds of the same series could be pleaded as an estoppel to the proceeding for the fundability of other bonds of the same series, is not a Federal question. Nor does the ruling of the court upon the validity of the bonds present any question under Federal law, but solely a question upon the construction of a statute of the State, and whether an exchange of the bonds for merchandise was a sale within its meaning. The writ of error must therefore be

*Dismissed.*